# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARECIBO CINEMA CORPORATION<br><br>Plaintiff<br><br>v.<br><br>AHURA AI INC.<br><br>Defendant | CIVIL NO.<br><br>Re: Damages for Breach of Contract |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff **Arecibo Cinema Corporation** ("Arecibo Cinema") through its undersigned counsel, and to the Honorable Court respectfully states, alleges and prays:

### I.   Introduction

On March 20, 2023, Arecibo Cinema Corporation ("Arecibo Cinema") and Ahura AI, Inc. ("Ahura"), represented by its President, Robert Carrady, and its CEO, Behrang Talebi-Bahmanbeiglou, respectively, subscribed a Lease Agreement for the rental of a property located in Dorado, Puerto Rico (the "Property"). The Property was used by Talebi – the Defendant's CEO - as its main residence at all relevant times to this Complaint. Ahura abandoned the Property owing payments for rent, utilities, late charges and other miscellaneous, and left the Property in poor condition, which, in turn, required Arecibo Cinema to repair the Property at its cost and prevented Arecibo Cinema from showing the Property to potential new tenants for four (4) months. Per information and belief, Talebi moved out of Puerto Rico to Washington DC, USA after the Lease expired. Arecibo Cinema hereby requests that Ahura is ordered to pay for the amounts owed in rent, utilities, late charges, and other miscellaneous described in detail herein, as well as for the cost of repairs and for the months that the Property was not rented as a result of Talebi's actions and omissions, among other consequential damages.

### II.   The Parties

1.   Plaintiff Arecibo Cinema is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, with its principal place of business located in San Juan, Puerto Rico. Therefore, Plaintiff is a citizen of Puerto Rico for purposes of diversity jurisdiction under 28 U.S.C. sec. 1332(C) (1).

2.   Defendant Ahura is a corporation organized and existing under the laws of

1

the State of California, with its principal place of business located in Santa Clara, California. Therefore, Defendant is a citizen of California for purposes of diversity jurisdiction under 28 U.S.C. sec. 1332(C) (1). By information and belief, Ahura's Chief Executive Office ("CEO") is Behrang Talebi-Bahmanbeiglou also known as Bryan Talebi and its Chief Operating Office ("COO") is Alexander Tsado.

### III.     Jurisdiction and Venue

3.      This is a matter over which this Honorable Court has original jurisdiction pursuant to 28 U.S.C. sec. 1332(a) because the parties are diverse; and the matter in controversy involves a claim that exceeds $75,000, excluding interests and costs.

4.      Complete diversity of citizenship exists between Plaintiff and Defendant, as Plaintiff is a citizen of Puerto Rico and Defendant is a citizen of California.

5.      The amount in controversy exceeds $75,000, exclusive of interests and costs, as Plaintiff seeks damages in excess of said amount as a result of Defendant's Breach of Contract to Plaintiff.

6.      Venue is proper in this Court under 28 U.S.C. sec. 1391(b)(2), because the underlying events and omissions took place in Puerto Rico and the real property at issue is located in the District of Puerto Rico.

### IV.     Factual Allegations:

7.      On March 20, 2023, Plaintiff and Defendant, through its authorized representatives Robert Carrady and Bryan Talebi, respectively, subscribed a Lease Agreement ("Lease") for the rental of a property located at Dorado Beach East #23, Dorado, Puerto Rico, 00646 (the "Property").

8.      The term of the Lease was from April 1, 2023 until March 31, 2024.

9.      Afterwards, in February 2024, the parties subscribed an Addendum – Lease Agreement Extension ("Extension") - to extend the Lease from April 1, 2024 until September 30, 2024. Carrady and Talebi subscribed the Extension, respectively, on behalf of the parties. Thus, the term during which the Property was rented by Ahura lasted from April 1, 2023 until September 30, 2024 (the "Term").

10.     According to Paragraph one (1) of the Extension, all terms, conditions and provisions of the Lease were incorporated in the Extension by reference.

11.     The Lease states in Paragraph three (3) that Rent during the term of the Lease would be $12,500.00 per month payable, in advance, on or before the first (1) day of each month.  It further adds that for each month in which the monthly rental payment is

received by Arecibo Cinema after the fifth (5th) day of its due date, a penalty of ten percent (10%) of the monthly rental shall be paid by Lessee to Lessor.

12. The Extension states in Paragraph three (3) that rent during the term of the lease extension would be $12,750.00 per month payable in advance, on or before the first (1st) day of each month.

13. According to Paragraph ten (10) of the Lease, Ahura would be responsible of the full cost of any necessary repair to the Property if such repair is needed as a result of Ahura's negligence or misuse.

14. On September 30, 2024 – the last day of the Term - Ahura handed over the Property and left it in such poor condition that required the amount of, at least, $27,324.76 in repairs.

15. Further, as a result of the poor conditions in which the Property was left, Arecibo Cinema was not able to rent the Property for four (4) additional months as repairs were concluded in January 2025.

16. Ahura abandoned the Property without paying the rent corresponding to September 2024.

17. As per Paragraphs six (6) and seven (7) of the Lease, Ahura was responsible for the cost of utilities and services of the Property. Ahura abandoned the Property without paying for utilities and services charges for the months of August and September 2024.

18. Paragraph eighteen (18) of the Lease states that Ahura had an obligation to reimburse Arecibo Cinema within five (5) days of any notice given by Plaintiff for all costs and expenses incurred by Arecibo Cinema, including but not limited to reasonable attorney's fees and expenses, in connection with any judicial or extrajudicial action taken by Arecibo Cinema as a result of any breach by Ahura. Throughout the Term, Arecibo Cinema was forced to incur in legal fees as a result of Ahura's acts and omissions in violation with the Lease terms, mainly due to Ahura's failure to pay rent and other costs contemplated in the Lease in a timely manner.

19. A legal letter demanding rent payment, among other amounts owed by Ahura, and including the corresponding statement was sent on July 24, 2024 and December 30, 2024.

20. Paragraph twenty (20) of the Lease states in its pertinent part that that Ahura was responsible to Arecibo Cinema for all damages to the Property, reasonable wear and tear excepted. It further states that Arecibo Cinema may retain and use the $10,000.00

held as deposit to repair and correct any and all damages to the Property, and that if such $10,000 is not sufficient to cover any amount owed by Ahura to Arecibo Cinema, then any insufficiency shall by paid within five (5) days of any such notice given by Arecibo Cinema to Ahura.

21. On October 31, 2024, Frances Lozada, in her capacity as Arecibo Cinema's representative, sent an electronic communication to Talebi, as representative of Ahura, specifying the breach incurred by Ahura, attaching multiple documents evidencing the amount owed, and demanding the corresponding payment. Neither Talebi nor another company representative responded to the communication.

22. Consequently, on December 30, 2024, the undersigned sent a legal communication to Talebi, as representative of Ahura, informing that Arecibo Cinema had engaged his legal services in connection with Ahura's breach of agreement and demanding payment for unpaid rent as well as for the many needed repairs as a result of Ahura's destruction of the Property. Neither Talebi nor another company representative responded to this communication either.

23. In light of the above, Ahura owes Arecibo Cinema the following amounts:

   a. Late charge for June 2024 rent payment: $1,275.00
   b. Late Charge for July 2024 rent payment: $1,275.00
   c. Utilities for August 2024: $3,756.12
   d. Rent payment for September 2024: $12,750.00
   e. Legal Fees for previous breach of the Lease: $1,089.68
   f. Utilities and Services for September 2024: $4,347.17
   g. Security Deposit: $500.00
   h. Generator Gas: $395.00
   i. Repairs for Damages: $27,324.76
   j. 4 months Loss of Rent: $51,000.00

Sub-Total: $103,712.73
Ahura's credits:
   a. First and Last Month Rent: $12,485.00
   b. Security Deposit: $10,500.00
   c. Additional credit: $875.92
   Subtotal: $23,860.92

**Total Owed: $79,851.81**

24. Regarding the $27,324.76 expense due to damages to the Property that are a result of Ahura's negligent or willful actions and omissions, Arecibo Cinema had to repair or repurchase: broken comforter, broken bench, broken lamps, broken front door, stained carpets, broken curtains, stained mattress, stained furniture, painting of small wood table; replacement and repainting of furniture, re-upholster cushions; replacement of areas in patio without grass; repairment of pool shower; replacement of broken accessories; painting of patio furniture; replacement of sheets, pillows, towels, cushions, painting of dirty

4

walls. In essence, the property was left in extremely poor conditions that demonstrated a complete disregard for its maintenance and well-being.

25. Further, as stated above, Ahura is responsible for all legal costs that Arecibo Cinema is forced to incur as a result of Ahura's breach of agreement after a notice was provided by Arecibo Cinema and five (5) days passed without Ahura curing the defect.

26. Given that Arecibo Cinema sent letters to Ahura demanding payment on October 31, 2024 and December 30, 2024 informing about the damages and repaired incurred, Ahura is liable to Arecibo Cinema for all the legal costs associated with the filing of this Complaint, which is estimated in a sum no less than $40,000.00.

## V. First Cause of Action
### (Damages for Breach of Contract)

27. Plaintiff hereby adopts by reference the allegations in the preceding paragraphs.

28. Under Article 1233 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 9754, an agreement reached in a contract has legal force between the contracting parties. Contracts under Puerto Rico law are perfected when the parties express mutual consent over the object and cause of the contract. P.R. Laws Ann. tit. 31, § 9771. Article 1238 states, in relevant part, that consent is shown when an offer and acceptance are mutually made, and the offeror receives the acceptance. P.R. Laws Ann. tit. 31, § 9772. A person is in default under Puerto Rico law since the moment the creditor claims the payment, judicially or extrajudicially, of what is owed. P.R. Laws Ann. tit. 31 § 9313.

29. Under Article 1167 of the Civil Code of Puerto Rico, the indemnification for damages of a debtor that fails to comply with an obligation consists of the emergent damage and the loss of profits. P.R. Laws Ann. tit. 31 § 9331. Article 1168 of the Civil Code of Puerto Rico states that if a debtor incurs in bad faith (*dolo*) in the fulfillment of an obligation, then the debtor will be liable for all the damages that result from the noncompliance, regardless of whether they are foreseeable or not. P.R. Laws Ann. tit. 31 § 9332.

30. Ahura breached the Lease, particularly paragraphs 3, 6, 7, 10, 18, and 20. Ahura owes Arecibo Cinema the amount of $79,851.81.

31. Further, as per Paragraph 18 of the Lease, Ahura also owes Arecibo Cinema a sum estimated in no less than $50,000.00 for the legal fees associated with this cause of action.

5

32. In light of the foregoing, Ahura is liable in an amount of no less than $**129,851.81**, plus interest.

## VIII. Trial by Jury Demand

33. Plaintiffs demands a trial by jury on all causes of action.

## IX. Obstinacy

34. To the extent that the Ahura denies liability for the amounts claimed herein, it acts with obstinacy and is therefore liable for prejudgment interest, costs and attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully requests the Honorable Court to grant the awards requested under each of the causes of action included in this Complaint, along with prejudgment interest, costs and attorneys' fees, and such other remedies as may be proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 1st of July 2025.

**S/ Eduardo J. Cobián Roig**
**Eduardo J. Cobián Roig**
Counsel for the Plaintiffs
USDC-PR 226306
**COBIAN ROIG LAW OFFICES**
P.O. Box 9478
San Juan, Puerto Rico 00908-9478
Tel.: (787) 247-9448
Fax.: (787) 725-1542
eduardo@cobianroig.com